H. P. VARLEY ASSOCIATION, INCORPORATED, PROSECU-
TOR, v. BERNARD N. McFEELY ET AL., RESPONDENTS.

Argued May 4, 1937—Decided July 27, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *George M. Eichler* and *Henry Joseph*.

For the city of Hoboken, *Horace Allen*.

For Margaret Falke, *John J. Fallon*.

BODINE, J.   The Dubro Realty Company from 1929 to
1935 was the owner of seven adjoining lots of land in the
city of Hoboken; four faced Clinton street and three Willow
avenue.   On the land was erected a single large garage build-
ing.   The city assessed the building entirely against the
Clinton street lots, although a part of it stood on the Willow
avenue lots.

Prosecutor's predecessors in title acquired the Willow ave-
nue property by sheriff's deed.   At the time of the purchase
there was due to the city unpaid taxes amounting to the sum
of $2,445.20.   The respondents are the city of Hoboken and

Margaret Falke. The latter had acquired the Clinton street lots by foreclosure and at that time there was due unpaid taxes amounting to the sum of $8,351.51. The reason these taxes were so much larger than those levied on the other property was because through inadvertence the assessment on the building had, as before indicated, been placed in the entirety against the Clinton street lots though part of the building so assessed stood on the Willow avenue lots. Mrs. Falke petitioned the city to apportion the taxes in arrears (pursuant to *Pamph. L.* 1919, *p.* 285), to the end that she would not be assessed for that part of the building which was not upon her property, but was owned by the prosecutor's predecessor in title. The apportionment was duly made by the city commissioners after notice to those interested. A separate assessment was made for each parcel of land with the improvements thereon. The result was that the tax assessed against each owner bore a true relation to the value of the property owned.

"No tax or assessment imposed or levied in this state shall be set aside or reversed in any court of law or equity in any action, suit or proceeding for any irregularity or defect in form, or illegality in assessing, laying or levying any such tax or assessment, or in the proceeding for collecting the same *if the person against whom or the property upon which such tax or assessment is assessed or laid is, in fact, liable to taxation or assessment in respect to the purposes for which such tax or assessment is levied, assessed or laid;* and the court in which any action, suit or proceeding is or shall be pending to review any such tax or assessment is required to amend all irregularities or errors, or defects, and is empowered, if need be, to ascertain and determine for what sum such person or property was legally liable to taxation or assessment, and by order or decree to fix the amount therof." 2 *Cum. Supp. Comp. Stat., p.* 3499.

The first enactment so to provide was in 1881, chapter 157, page 194, and in somewhat similar form the statute has been continuously upon the books.

In *Conover* v. *Honce,* 46 *N. J. L.* 347, Chief Justice Beas-

ley indicated that the effect of the statute was to destroy root and branch any power to defeat a tax, except upon a meritorious ground. If neither the person or property was taxable the processes of appeal or *certiorari* were still available, but irregularities of procedure had no force in any court of this state. By virtue of the apportionment each part of the property once in single ownership was properly assessed.

Prosecutor's predecessor in title was obligated to pay a tax for the land and the buildings owned by him. The aportionment fixed by the city being just and fair, the action under review must be affirmed.